**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **CHAMBERLIN-AVON REAL ESTATE LLC,** ) <br> 30195 Chagrin Blvd., Suite 300, ) <br> Cleveland, Ohio 44124, ) <br> ) <br> Plaintiff, ) <br> ) <br> and ) <br> ) <br> **STATE OF OHIO,** *ex rel.* ) <br> **CHAMBERLIN-AVON REAL ESTATE LLC,** ) <br> 30195 Chagrin Blvd., Suite 300, ) <br> Cleveland, Ohio 44124, ) <br> ) <br> and ) <br> ) <br> **CITY OF AVON, OHIO,** *ex rel.* ) <br> **CHAMBERLIN-AVON REAL ESTATE LLC,** ) <br> 30195 Chagrin Blvd., Suite 300, ) <br> Cleveland, Ohio 44124, ) <br> ) <br> Relators, ) <br> ) <br> -v- ) <br> ) <br> **CITY OF AVON, OHIO,** ) <br> 36080 Chester Road ) <br> Avon, Ohio 44011, ) <br> ) <br> Defendant / Respondent. ) <br> ) <br> With a Copy To: ) <br> ) <br> **DAVE YOST** ) <br> **ATTORNEY GENERAL OF OHIO** ) <br> 30 East Broad Street, 14th Floor ) <br> Columbus, Ohio 43215 ) | CASE NO. <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT, MONETARY, AND OTHER RELIEF, AND PETITION FOR WRIT OF MANDAMUS** <br><br> JURY DEMAND ENDORSED HEREON |

6545911.1

Plaintiff/Realtor, Chamberlin-Avon Real Estate LLC ("Chamberlin"), by and through counsel, and for its Complaint against Defendant/Respondent, City of Avon, Ohio ("City"), hereby alleges and states as follows:

## INTRODUCTION AND NATURE OF ACTION

1.      Chamberlin files this action to redress violations of its fundamental constitutionally protected property and civil rights by the City.

2.      The City is unlawfully interfering with Chamberlin's attempt to lawfully use its real property, in violation of the Fifth Amendment of the United States Constitution, the Fourteenth Amendment to the United States Constitution, Article I, Section 2, Article I, Section 19 of the Ohio Constitution, and Article I, Section 16 of the Ohio Constitution.

## THE PARTIES

3.      Chamberlin is an Ohio limited liability company that owns a vacant parcel of real property consisting of approximately 19 acres located on Health Campus Boulevard in the City of Avon, and further known as Lorain County, Ohio Permanent Parcel No. 0400028101114 ("Property").

4.      Chamberlin is a taxpayer in the City.

5.       Relator Chamberlin brings this action in the name of the State of Ohio requesting a Writ of Mandamus to compel Respondent to commence appropriation proceedings in the Lorain County Court of Common Pleas, so that the Court can determine the amount of compensation that Respondent must pay for taking of its interest in the Property that is at issue.

6.      Relator Chamberlin brings this action in the name of the City of Avon, Ohio requesting a Writ of Mandamus to compel Respondent to commence appropriation proceedings in the Lorain County Court of Common Pleas, so that the Court can determine the amount of

compensation that Respondent must pay for its taking of interest in the Chamberlin Properties that are at issue in this action.

7.    Defendant/Respondent City of Avon, Ohio is an Ohio municipal corporation organized and existing under the laws of the State of Ohio.

8.    Dave Yost is the Attorney General of the State of Ohio and is named solely for purpose of notice pursuant to Ohio Revised Code Section 2721.12.

**JURISDICTION AND VENUE**

9.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 42 U.S.C. § 1983.

10.    This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367(a).

11.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because the acts and transactions complained of occurred, and continue to occur, in this District.

12.    There are no administrative remedies for Chamberlin to exhaust, attempting administrative remedies would be wholly futile, and/or the available administrative remedies, if any, would be onerous or unusually expensive.

**BACKGROUND**

13.    Chamberlin acquired the Property in November of 2020.

14.    In December of 2023, Chamberlin submitted an application for approval of a general development plan ("Application") for the Property and the required fee for the Application, pursuant to Avon Codified Ordinance ("A.C.O.") Chapter 1228.

3

15.     The Application proposed to complete Rose Parkway and a portion of Avon Commerce Parkway, and also proposed 47,750 sq. ft. medical office building and 60,000 sq. ft self-storage facility, to be completed in 2 phases.

16.     Review of a general development plan is required prior to the issuance of a zoning permit for a project. A.C.O. § 1228.02.

17.     The Planning Commission reviews applications for general development plans in accordance with the provisions of A.C.O. § 1228.10.

18.     A.C.O. § 1228.06 outlines the general development plan review procedures, and specifically, Section 1228.06(a) states

> a.  The Planning Coordinator shall review the submitted application for completeness and compliance with the applicable submission requirements. If the application is deemed insufficient, the Planning Coordinator shall notify the applicant prior to the Planning Commission meeting of the deficiencies and place the application on hold until complete. When the application is determined complete and the application fee has been paid, the Planning Coordinator shall officially accept the application for consideration and place it on the Planning Commission's agenda.

19.     In accordance with A.C.O. § 1228.06(a), the City Economic Development & Planning Coordinator, Pam Fechter ("Planning Coordinator"), determined that the Application was complete and placed the Application on the City Planning Commission's agenda for the January 17, 2024 meeting (A true and accurate copy of said agenda is attached hereto as **Exhibit A**).

20.     Prior to the January 17, 2024 Planning Commission meeting, representatives of Chamberlin advised the Planning Coordinator that one of their representatives had a scheduling conflict and requested that the Application be placed on the February Planning Commission meeting agenda.

6545911.1

21.      In an email dated January 12, 2024, the Planning Coordinator acknowledged that the Application would be moved to the February meeting (A true and accurate copy of said email is attached hereto as **Exhibit B**).

22.      On February 6, 2024, the Planning Coordinator advised via email that she would not include the Application on the February agenda of Planning Commission due to outstanding property taxes for the Property (A true and accurate copy of said email is attached hereto as **Exhibit C**).

23.      Despite pushback from representatives of Chamberlin, the City doubled down on its stance that the Planning Commission would not review the Application because of unpaid property taxes. Specifically, in an email dated February 29, 2024, the Planning Coordinator stated that "the City has decided to reject your application to Planning Commission for approval of the General Development Plan for Avon Commerce Parkway MOB – Self Storage." (A true and accurate copy of said email is attached hereto as **Exhibit D**).  The Planning Coordinator further stated that the City would not move forward on the Application until all real estate taxes and special assessments are paid in full.

24.      On March 3, 2024, the City sent Chamberlin a letter returning the Application and refunding the Application fee (A true and accurate copy of said letter is attached hereto as **Exhibit E**).

25.      The Planning Coordinator does not have authority to "reject" an application for a general development plan that has already been deemed complete, accepted, and placed on the Planning Commission's agenda.

26.      The City rejected the already accepted Application without holding a hearing or providing notice to Chamberlin.

27.     The City does not have authority to reject an application for a general development plan based on unpaid County taxes and assessments.

28.     On May 7, 2024, Counsel for Chamberlin sent a demand letter, via email, to the City's Law Director, John Gasior, demanding that the City move forward with review of the Application. (A true and accurate copy of said letter is attached hereto as **Exhibit F**).

29.     The City did not respond in writing to Chamberlin's May 7, 2024 letter, however, the Law Director did communicate to Counsel for Plaintiff that the City was not going to change its position.

30.     On July 15, 2024, Counsel for Chamberlin sent another letter to the Law Director via email requesting that the Law Director take action to have the City adhere to its obligations, pursuant to A.C.O. Chapter 1228, and move forward with review of the Application, or otherwise Chamberlin would have no choice but to take action, including but not limited to filing a taxpayers' lawsuit under R.C. 733.59. (A true and accurate copy of said letter is attached hereto as **Exhibit G**).

31.     The Law Director has refused to take such action.

32.     The City continues to disregard its duty to move forward with review of the Application under A.C.O. Chapter 1228.

33.     As a direct and proximate result of the City's action and inaction, Chamberlin has been unable to utilize the Property in an economically viable manner and has been denied its right to just compensation, equal protection and due process of law as guaranteed by the Ohio and United States Constitutions.

34.     Chamberlin's damages are expected to continue into the future.

## COUNT I

**(Declaratory Judgment - Taking – Ohio and Federal law)**

35.     Chamberlin incorporates all prior allegations contained in this Complaint as if fully rewritten herein.

36.     The Takings Clause of the Fifth Amendment of the United States Constitution and Article I, Section 19 of the Ohio Constitution preclude a governmental entity from imposing unconstitutional conditions or unreasonably delays on the development of land.

37.     An actual and justiciable controversy exists between Chamberlin and the City as the City's imposition of an unwritten requirement that all County taxes and assessments be paid prior to the Planning Commission's review of the Application, the City's refusal to proceed with the general development plan review process, and the City's rejection of the already accepted Application.

38.     The City's actions and inactions have had a detrimental impact on Chamberlin's property rights.

39.     The City's actions destroy the Property's value to such an extent that it is a total and/or partial and/or temporary taking of the Property without due process of law and without just and reasonable compensation.

40.     The City, through its imposition of an unwritten requirement that all County taxes and assessments be paid prior to the Planning Commission's review of the Application, the City's refusal to proceed with the general development plan review process, and the City's rejection of the already accepted Application, has infringed upon Chamberlin's fundamental property rights to the point that there is no economically viable use for the Property and/or that such infringement is so severe as to constitute a total and/or partial and/or temporary taking of the Property.

41.     The City's actions deny Chamberlin all economically beneficial use of the Property.

42.     Under Ohio Rev. Code § 2721.03, Chamberlin is entitled to a declaration by this Court that the City's actions and inactions, as applied to the Property, constitute a taking, under Article I, Section 19 of the Ohio Constitution  and  the Fifth Amendment of the United States Constitution, for which Chamberlin is entitled to just compensation from the City in an amount to be determined at trial.

## COUNT II

### (Mandamus – Inverse Condemnation)

43.     Chamberlin incorporates all prior allegations contained in this Complaint as if fully rewritten.

44.     Under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 19 of the Ohio Constitution, Chamberlin has a clear right to receive compensation from the City for taking its property by refusing to move forward with the general development plan review process and conditioning development of the Property upon payment of unpaid County property taxes and assessments.

45.     The City has deprived Chamberlin of all or most economically viable use of the Property through the City's actions and inactions, which have resulted in the inability of Chamberlin to develop the Property.

46.     By depriving Chamberlin of its property rights, the City has diminished the Property's value.

47.     As compensation, Chamberlin is entitled to recover the amount by which the City diminished the Property's value.

6545911.1

48.     The City is under a clear legal duty to commence appropriation proceedings so that the Court can determine the amount of compensation the City must pay for the Property's taking.

49.     Chamberlin has no plain and adequate remedy in the ordinary course of law to require the City to compensate it fairly for the losses that it has incurred and will continue to incur for the City taking the Property.

## COUNT III

**(Declaratory Judgment— Substantive Due Process– Ohio and Federal law)**

50.     Chamberlin incorporates all prior allegations contained in this Complaint as if fully rewritten.

51.     An actual and justiciable controversy exists between Chamberlin and the City as the City's imposition of an unwritten requirement that all County taxes and assessments be paid prior to the Planning Commission's review of the Application, the City's refusal to proceed with the general development plan review process, and the City's rejection of the already accepted Application.

52.     Under Ohio Rev. Code § 2721.03, Chamberlin is entitled to a declaration by this Court that the City's actions and inactions at issue are unconstitutional under the Ohio Constitution and United States Constitution because such actions and inactions, as applied to the Property, are arbitrary and unreasonable and without substantial relation to the public's health, safety, morals, or general welfare.

53.     Under Ohio Rev. Code § 2721.03, Chamberlin is entitled to: (a) a declaration from this Court that the City's actions and inactions are unconstitutional as applied under the Ohio and United States Constitutions, and (b) an Order from this Court directing the City's attempts to continue to impose an unwritten requirement that County property taxes and assessments must be

9

paid prior to Planning Commission beginning the general development plan review process are improper and to proceed to require the City to accept the Application and move forward with the general development plan review process.

**COUNT IV**

**(Declaratory Judgment – Equal Protection – Ohio and Federal Law)**

54.     Chamberlin incorporates all prior allegations contained in this Complaint as if fully rewritten.

55.     The Ohio and United States Constitutions ensure that no citizen can be subject to intentional and arbitrary discrimination by Ohio or any political subdivision of Ohio, whether occasioned by the express terms of a resolution or by its improper execution through duly constituted agents.

56.     The City subjected Chamberlin to unequal treatment of the law under color of law in violation of the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Ohio Constitution.

57.     Upon information and belief, the City has received applications from applicants and property owners that are substantially similar to Chamberlin's Application.

58.     Upon information and belief, the City has approved general development plans and other applications that are substantially similar to the Chamberlin's Application without requiring said applicants to pay County property taxes and assessments before reviewing the application.

59.     The City has intentionally treated Chamberlin differently than those similarly situated.

60.     Similarly situated applicants and landowners in the City do not receive such irrational, capricious, and wholly arbitrary treatment from the City.

10

61. The City's actions were taken in bad faith and in violation of controlling law.

62. The City has no rational basis for the discriminatory treatment of Chamberlin.

## COUNT V

### (42 U.S.C. § 1983)

63. Chamberlin incorporates all prior allegations contained in this Complaint as if fully rewritten.

64. The City deprived Chamberlin of its property and liberty interests under color of law without substantive due process of law, procedural due process of law, equal protection of law, and without just compensation all in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

65. Chamberlin's property and liberty interest are of a type protected by the Fifth and Fourteenth Amendments to the United States Constitution.

66. The City's violation of Chamberlin's substantive due process, due process, and Fifth Amendment just compensation rights arose as a direct consequence of the policy and custom of the City, including but not limited to the policy and custom of imposing an unwritten requirement that County property taxes and assessments be paid prior to Planning Commission beginning the general development plan review process.

67. The City's actions were taken in bad faith and were arbitrary, capricious, willful, and in violation of controlling law.

68. Chamberlin has no adequate remedy at law to secure relief from the City's actions.

69. As a direct and proximate result of the City's violation of Chamberlin's constitutional rights, Chamberlin has been damaged in an amount to be determined at trial but believed to be in excess of $1,000,000.00, and will continue to suffer damage, as alleged herein.

## COUNT VI

### (Taxpayers' Action – R.C. 733.59)

70.     Chamberlin incorporates all prior allegations contained in this Complaint as if fully rewritten.

71.     Pursuant to R.C. 733.59, Chamberlin has demanded that the City Law Director take action to have the City specifically perform, under A.C.O. Chapter 1228, by accepting the Application and move forward with the general development plan review process of the Application.

72.     The City director of law failed to act upon Chamberlin's requests.

73.     As a result, Chamberlin seeks, pursuant Ohio Rev. Code §§ 733.57 and 733.58, an order from this Court that the City specifically perform, under A.C.O. Chapter 1228, by proceeding with the general development plan review process of the Application, in addition to the issuance of a writ of mandamus for the City to commence appropriation proceedings in the Lorain County Court of Common Pleas so that the Court can determine the amount of compensation that Respondent must pay for temporarily taking Chamberlin's Property.

74.     Alternatively, Chamberlin seeks, pursuant to Ohio Rev. Code § 733.58 the issuance of a writ of mandamus for the City to commence appropriation proceedings in the Lorain County Court of Common Pleas so that the Court can determine the amount of compensation that Respondent must pay for taking of its interest in the Property that is at issue in this action.

## COUNT VII

### (Declaratory Judgment – Procedural Due Process – Ohio and Federal law)

75.     Chamberlin incorporates all prior allegations contained in this Complaint as if fully rewritten herein.

6545911.1

76.     An actual and justiciable controversy exists between Chamberlin and the City as to the whether the City has authority to reject a previously accepted application, or the authority to reject an application based solely upon unpaid County property taxes and assessments.

77.     The City rejected the Application when it had already accepted the Application and placed in on the Planning Commission's Agenda.

78.     The City rejected the Application without providing Chamberlin notice or an opportunity to be heard.

79.     The City has deprived Chamberlin of its property and liberty interest in violation of the Due Process Clauses of the United States and Ohio Constitutions.

80.     Chamberlin's property and liberty interests are of a type protected by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution.

81.     Chamberlin is entitled to a declaration from this Court that the City, through its imposition of an unwritten requirement that all County taxes and assessments be paid prior to the Planning Commission's review of the Application, the City's refusal to proceed with the general development plan review process, and the City's rejection of the already accepted Application without notice or a hearing, has refused to afford process as guaranteed by law and such action proximately caused the deprivation of Chamberlin's property and liberty interests without procedural due process as required by the United States and Ohio Constitutions.

## PRAYER FOR RELIEF

WHEREFORE, Chamberlin requests the following:

A.     As to Count I, the Court enter a declaratory judgment order under Ohio Rev. Code Chapter 2721 declaring that the City's actions and inactions, specifically the City's imposition of

an unwritten requirement that all County taxes and assessments be paid prior to the Planning Commission's review of the Application, the City's refusal to proceed with the general development plan review process, and the City's rejection of the already accepted Application, constitute a taking as defined by the United States and Ohio Constitutions;

B.      As to Count II, the Court issue a writ of mandamus under Ohio Rev. Code Chap. 2731 directing the City to institute an eminent domain proceeding pertaining to the Property so that the City will appropriate the Property and pay Chamberlin just compensation in an amount that a jury determines at trial for damages;

C.      As to Count III, the Court enter a declaratory judgment order declaring the City's actions and inactions are unconstitutional as applied to the Property, under the Ohio and United States Constitutions;

D.      As to Count IV, the Court enter a declaratory judgment order declaring the City's actions and inactions violate the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Ohio Constitution;

E.      As to Count V, the Court award damages to Chamberlin against the City for the violations under 42 U.S.C. § 1983 in an amount to be determined at trial but believed to exceed $1,000,000.00;

F.      As to Count VI, the Court order the City, pursuant R.C. 733.57 and 733.58, to specifically perform, by accepting the Application and proceeding with the general development plan review process of the Application, under A.C.O. Chapter 1228;

G.      As to Count VII, the Court enter a declaratory judgment order declaring that the City's action and inactions are a refusal to afford process as guaranteed by law and such action

14

proximately caused the deprivation of Chamberlin's property and liberty interests without procedural due process as required by the United States and Ohio Constitutions; and

      H.    The Court award Chamberlin all costs incurred in this action, including but not limited to reasonable attorneys' fees under 42 U.S.C. § 1983 and Ohio Rev. Code § 733.61, and any other relief as the Court may deem equitable, just, or proper.

Respectfully submitted,

*/s/ John P. Slagter*
John P. Slagter (0055513)
Anthony R. Vacanti (0080834)
Danielle M. Easton (0099591)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Phone:  216-592-5000
Fax:  216-592-5009
Email: John.Slagter@tuckerellis.com
       Tony.Vacanti@tuckerellis.com
       Danielle.Easton@tuckerellis.com

*Attorneys for Plaintiff*

6545911.1

## **DEMAND FOR JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury in this action on all issues so triable.

*/s/ John P. Slagter*
John P. Slagter (0055513)
Anthony R. Vacanti (0080834)
Danielle M. Easton (0099591)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Phone:  216-592-5000
Fax:  216-592-5009
Email: John.Slagter@tuckerellis.com
          Tony.Vacanti@tuckerellis.com
          Danielle.Easton@tuckerellis.com

*Attorneys for Plaintiff*

16